UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
SELECT CAR RENTAL, INC.,
    Debtor

Chapter 11
Case No. 07-15554-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

### I. INTRODUCTION

The matter before the Court is the Debtor's Application for Approval of Employment of Special Counsel (the "Application"). Pursuant to its Application, the Debtor seeks authority to employ Lawrence A. Simeone, Jr. ("Attorney Simeone"), as special counsel, for the purposes of representing the Debtor in a contested matter before this Court regarding the claim of Walser Specialized Services, LLC ("Walser"). Walser objected to the Application, and the Court heard the matter on October 28, 2008. Following the hearing, Attorney Simeone filed a supplemental affidavit in support of the Application, and Walser filed a supplemental objection. The issues presented are whether Attorney Simeone's employment is in the best interest of the estate, and whether Attorney Simeone holds any interests adverse to the Debtor or to the estate with respect to the matter on

1

which such attorney is to be employed, requiring denial of the proposed employment. *See* 11 U.S.C. § 327(e); Fed. R. Bankr. P. 2014.

## II. BACKGROUND

The Debtor specifically seeks authority to employ Attorney Simeone to consult with it about its objection, filed on October 16, 2008, to Walser's $1,969,326.95 proof of claim and any counterclaims it may have against Walser; to give it legal advice with respect to its duties and obligations in the contested matter; to assist it and its counsel in formulating and submitting issues pertaining to the contested matter, including conducting discovery and preparing for trial; and, finally, "to assist [it] in any other matter relevant to the Chapter 11 case." The Debtor added: Attorney Simeone "has provided counsel and has advised the Debtor on all aspects of its business when in operation pre-petition which includes extensive negotiation with the Debtor's principle creditors and lenders in attempt to resolve debtor-creditor issues . . . [and] . . . has intricate knowledge of the complicated history between Select [the Debtor] and Wasler [sic]."

In conjunction with the Application, Attorney Simeone filed an Affidavit in which he disclosed that he served as corporate counsel to the Debtor prepetition and continues to serve as corporate counsel to the Debtor's affiliate and one of two third-party plan proponents, Select Car Rental, LLC. Additionally, he disclosed that he represents the Debtor's president, Julie Marcotte, and the Debtor's manager, James Marcotte, who is the other third-party plan proponent. Nevertheless, Attorney Simeone maintained that he is

2

both disinterested, *see* 11 U.S.C. § 101(14),[1] and holds "no interest adverse to the interest of the estate."

Walser objected to the Application, citing 11 U.S.C. § 327(e). It argued that Attorney Simeone represents interests adverse to the Debtor and the Debtor's estate with respect to the matter on which he is to be retained. Noting that Attorney Simeone represented the Debtor in negotiating a proposed financing transaction, Walser stated that "a central feature of the Debtor's Initial Plan are [sic] certain claims relating to allegations that Walser reneged on its obligation to provide the Proposed Financing (the "June 2007 Claims")." It argued that Attorney Simeone represents interests adverse to the Debtor and its estate[2]

---

[1] Section 101(14) provides:

(14) The term "disinterested person" means a person that–

    (A) is not a creditor, an equity security holder, or an insider;

    (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

    (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

[2] Walser utilizes the following definition of an interest adverse:

[T]he "possess[ion] or assert[ion] [of] mutually exclusive claims to the same economic interest, thus creating either an actual or potential dispute

3

because Attorney Simeone represents Julie and James Marcotte, who guaranteed the Debtor's obligations to Walser and because it has commenced a collection action in the United States District Court for the District of Minnesota against them. It cited In re B.E.S. Concrete Prod., Inc., 93 B.R. 228, 234 (Bankr. E.D. Cal. 1999), for the proposition that "[a] guarantor on a corporate debt has a natural conflict with the principal and with other guarantors."[3] Walser also referenced possible settlement proposals which would be in the best interests of the Debtor, but not the Marcottes because of the pending litigation in Minnesota, as well as Attorney Simeone's "potential status as a witness in litigation concerning the counterclaims relating to the June 2007 claims." Walser also objected to Attorney Simeone's employment as special counsel because some of his proposed duties are outside the scope of section 327(e), specifically the reference to "any other matter relevant to this Chapter 11 case" in the Application.

In his Supplemental Affidavit, Attorney Simeone disclosed that in addition to

---

between rival claimants as to which . . . of them the disputed right or title to the interest in question attaches under valid and applicable law; or (2) [the possession of] a predisposition or interest under circumstances that render such a bias in favor of or against one of the entities." Rome v. Braunstein, 19 F.3d 54, 58 n. 1 (1st Cir. 1994) (citing In re Roberts, 46 B.R. 815, 826-27 (Bankr. D. Utah 1985)).

[3] The California bankruptcy court added: "To be sure, the interests of principal and guarantor coalesce so long as the issue is whether anyone is liable on the claim. They become adverse upon the appearance of a genuine question about who is going to pay. Such an issue, *a fortiori*, exists whenever a key player is in bankruptcy." Id.

4

representing Select Car Rental LLC and providing legal advice to its sole member, Julie Marcotte, and its manager, James Marcotte, he also served as corporate counsel to Select Transportation Services, a corporation which has done no business for the last two years. He further disclosed that he serves as corporate counsel to Select Truck Rental Inc. and provides legal advice to its officer and director, James Marcotte.

With respect to the pending litigation in Minnesota, Attorney Simeone stated:

> I have provided legal advice and counsel respecting business issues, and assisted in the retention of outside counsel when required, to James Marcotte, individually and Julie Marcotte, individually as guarantors of certain debts of the Debtor corporation and associated other business entities. On rare occasions, I represented Mr. Marcotte individually in matters in which he was sued in his individual capacity for business related debts. I do not represent James or Julie Marcotte in their individual capacity in a lawsuit brought by Walser Specialized Services, LLC in the District of Minnesota. I have also represented Julie Marcotte, individually and as Trustee of the Marcotte Family Realty Trust(s).[4]

As noted above, Walser filed a supplemental objection to the Debtor's Application. It averred that Attorney Simeone represented the Marcottes with respect to its debt and that "negotiations broke down over the scope of the Marcottes' personal guaranties." It further averred that "the Marcottes' local counsel has deferred to Mr. Simeone on matters related to the Minnesota case, including settlement," a statement it supported with the affidavit of its Minnesota attorney, Cal Kuhlmann. Additionally, according to Walser, Attorney Simeone represented the Marcottes and their business entities at Rule 2004

---

[4] The Marcotte Family Trust is listed as the holder of a $250,000 unsecured claim on Schedule F. Select Car, LLC [sic] is also listed as the holder of a $93,000 unsecured claim.

5

examinations it conducted for the purpose of investigating potential avoidance claims.

In this regard, the Court observes that, on August 19, 2008, it ordered the Debtor to file an amended Disclosure Statement and an Amended Plan of Reorganization by October 17, 2008. The Debtor complied with that order, and, in addition, filed an amended Statement of Financial Affairs. In its amended Statement of Financial Affairs, in response to Question 23 concerning "[w]ithdrawals from a partnership or distributions by a corporation,"[5] the Debtor disclosed that between September of 2006 and September of 2007 it distributed the following to the Marcottes:

> $168,500.64. This figure includes payments directly to the above [sic] or on their behalf to Lehman Brothers, Chase Home Mortgage and Wash [sic] Mutual and also includes both salary and draw.

In its First Amended Joint Disclosure Statement, however, it stated: "[t]he Debtor does not believe that there are any preference or avoidance claims to be prosecuted," without elucidating its response to Question 23[6] or providing any reasons for its conclusion.

In addition, in its First Amended Joint Disclosure Statement, the Debtor revealed that in order to sustain its operations, Select Car Rental, LLC, a client of Attorney Simeone's

---

[5] The Question, by way of explanation, contains the following instructions: "If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of the case."

[6] Additionally, the Debtor, which listed no interests in real property on Schedule A, filed a list of creditors who received payments within 90 days of the order for relief. It disclosed payments to James Marcotte of $13,000, as well as payments to Chase Home Finance; Citi Mortgage, and Wamu Bank Mortgage, totaling $22,257.24

and a third-party plan proponent, had leased the Debtor twenty Mercedes Benz vehicles for $450 per month, per vehicle, for the Debtor's new business model of "primarily renting vehicles to hotel customers and auto mechanic shop customers." The Debtor's projected three month revenue, however, sets forth a fleet expense for 20 vehicles for October of 2008 of $6,650, not $9,000. If the total vehicle interest expense of $2,660, and the total vehicle insurance expense of $1,064, set forth by the Debtor in its exhibit attached to the Disclosures Statement, is added to the $6,650 figure, the total is $10,0374.[7] Additionally, the Debtor disclosed that Select Car Rental LLC "has already made vehicles available to the Debtor through a line of credit of approximately $500,000.00." It is unclear whether Select Car Rental, LLC obtained a line of credit for use in its new arrangement with the Debtor or whether Select Car Rental, LLC actually provided the Debtor with a line of credit. In either circumstance, the Debtor neither sought nor obtained court authority for the extension of credit from an insider. *See* 11 U.S.C. § 364.

**III. DISCUSSION**

Section 327(e) provides in pertinent part the following:

(e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is

---

[7] The Debtor referenced Exhibit B: Three-Year Post-Confirmation Projects. There was no chart labeled Exhibit B attached to its First Amended Joint Disclosure Statement, and the second exhibit attached to its disclosure statement contained projections for October, November and December of 2008 only. The total salaries set forth in the projections ranged from $3,040 to $5,760.

to be employed.

11 U.S.C. § 327(e). In Kagan v. Lopez Stubbe (In re El San Juan Hotel Corp.), 239 B.R. 635 (B.A.P. 1st Cir. 1999), the court, citing Rome v. Braunstein, 19 F.3d 54 (1st Cir. 1994), stated:

> The phrase "interest materially adverse to the interest of the estate" is not defined in the Code. Courts interpret it as "the possessing or asserting of any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant or possessing a predisposition under circumstances that render such a bias against the estate real." In re Prince, 40 F.3d at 361. *See also* In re Roberts, 46 B.R. 815, 827 (Bankr. D. Utah 1985), *aff'd in part and rev'd in part*, 75 B.R. 402 (D. Utah 1987). In determining whether the requirements of disinterestedness and absence of a materially adverse interest have been met, the court of appeals of this circuit examines whether the targeted interest creates a "meaningful incentive to act contrary to the best interests of the estate and its sundry creditors-an incentive sufficient to place those parties at more than acceptable risk-or the reasonable perception of one." In re Martin, 817 F.2d 175, 180 (1st Cir.1987). "The test is neither subjective, nor significantly influenced by the court-appointed professional's 'protestations of good faith,' . . . but contemplates an objective screening for even the 'appearance of impropriety'." Rome, 19 F.3d at 58

Id. at 646-47.

Upon consideration of 1) Attorney Simeone's representation of the third-party plan proponents, James Marcotte and Select Car Rental, LLC; 2) the substantial payments by the Debtor to Attorney Simeone's clients, the Marcottes, within one year of the filing of the bankruptcy petition, while he was negotiating with Walser on the Debtor's behalf; and 3) Select Car Rental, LLC's present and ill-defined business relationship with the Debtor, the Court finds that Attorney Simeone has not made sufficient disclosure of his connections for this Court to determine whether his employment is, in fact, in the best interest of the Debtor's estate and does not represent an interest adverse to the Debtor's estate. The Court

concludes that, at a minium, his loyalties may well be divided or, at worse, there may be actual conflicts of interest between his present clients and the bankruptcy estate. In the absence of substantially more information, which the Debtor was given the opportunity to provide, the Court cannot make the determination required to approve his employment as special counsel. Moreover, as Walser pointed out in its objection, Attorney Simeone is a potential witness in the contested matter involving its claim, which is a separate reason for denying his employment.

## IV. CONCLUSION

In accordance with the foregoing, the Court shall enter an order sustaining Walser's objection and denying the Application.

By the Court,

Joan N. Feeney
United States Bankruptcy Court

Dated: November 17, 2008
cc: John F. Sommerstein, Esq., Lawrence A. Simeone, Jr., Esq., Brendan C. Recupero, Esq., U.S. Trustee

9